Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that the right of one security to call upon his cosecurity for contribution, like the right of all the securities to call upon the principal for indemnity, arises from a principle of equity, growing out of the relation which the parties have assumed towards each other ; that the equity springs up at the time of entering into that relation, and is fully consummated when the security is compelled to pay the debt.
*269 The Court is further of opinion, that in the events which have happened, the appellant having paid the whole debt for which he and others were bound as securities, and the principal and cosecurities having become insolvent, the equity of the appellant to offset the liability of Tucker as cosecurity to contribute for his relief, against the liability of the appellant on his bond to Tucker, is superior to the equity of Tucker’s assignee; he having taken the bond subject to all the equity of the obligor against the obligee.
The Court is further of opinion, that the failure of the appellant to rely on such offset at law, does not preclude him from applying to chancery for relief. The right to enforce contribution originally belonged to a Court of Equity, and the jurisdiction now assumed by Courts of Law to enforce contribution in some cases, does not affect the jurisdiction originally belonging to a Court of Equity. And in the present case, no adequate relief could have been afforded at law ; as the security can only recover at law the aliquot portions of each security. But in the present case, as there were three securities, and the cosecurity William P. Ford was insolvent, a resort to a Court of Equity was necessary to apportion his share among the two remaining sureties. 1 Story’s Equity 474, § 496, and the cases there cited.
The Court is further of opinion, that even if the party could have relied on the offset at law, the failure to do so would not have precluded a recovery of the claim in a distinct action; and if the same had been or could be recovered in a distinct action, the insolvency of said Tucker would have been good ground for equitable relief by way of injunction.
The Court is therefore of opinion, that the order of the Circuit Court dissolving the injunction was erroneous ; it is therefore reversed with costs, and the injunction is reinstated and the cause remanded to be matured for a hearing, and for a final decree.